IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEONARD TERRY LICHT,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION No. |
| **TINA LING and LUXKEY,** | § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Leonard Terry Licht ("Licht") files this Complaint against Defendants Tina Ling ("Ling") and Luxkey.net (collectively "Defendants") and alleges the following:

### I. SUMMARY

1. Plaintiff files this emergency action to recover funds lost as a result of an unlawful fraud scheme.[1] As part of this scheme, Defendants stole approximately $2.7 million from Licht—a widower who had lost his wife of 40 years to cancer. Defendants exploited his loss and his trust for their own personal gain.

2. Fortunately, with the help of a forensic tracing firm, Plaintiff has been able to trace the stolen funds to specific wallets maintained at various cryptocurrency platforms. Plaintiff therefore asks that these wallets be frozen so that his stolen funds can be returned to him.

### II. PARTIES

13. Plaintiff Licht is an individual who resides in Plano, Texas. He works in Dallas County, and many of the acts and communications described below occurred while he was at his office or other locations in Dallas County.

---

[1] Plaintiff's motion seeking emergency relief—including the freezing of stolen funds—is being filed contemporaneously with this Complaint.

14. Defendant Ling is believed to be located in Phnom Penh, the capital of Cambodia.

15. Defendant Luxkey is believed to be based in Phnom Penh, the capital of Cambodia.

## III. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between a citizen of a State and citizens of a foreign state.

17. This Court has jurisdiction over this action under the Securities Exchange Act of 1934 ("Exchange Act") Sections 21(e) and 27 [15 U.S.C. §§ 78u(e) and 78aa]. Each of the investments offered and sold as described in this Complaint is an investment contract and, therefore, a "security" as that term is defined under Exchange Act Section 3(a)(10) [5 U.S. C. § 78c(a)(10)].

18. Ling and Luxkey, directly or indirectly, made use of the mails or of the means and instrumentalities of interstate commerce in connection with the transactions, acts, practices, and courses of business described in this complaint.

19. Venue is proper in Dallas pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

## IV. FACTUAL ALLEGATIONS

20. In 2021, Licht, a widower who had lost his wife of 40 years to cancer, met Ling on Facebook. The two began a long-distance, yet intimate, relationship.

21. After building his trust over the course of several months, Ling proposed that Licht invest in Luxkey, a blockchain mining enterprise. Ling explained that Licht's money would be pooled with that of other investors and used to generate returns. She further explained that no work

would be required of Licht—and that the investment returns would be generated by the work of people who worked at Luxkey.

22. Licht's investments were therefore securities under the federal securities laws. In particular, these investments are "investment contracts" because they were: (1) an investment of money, (2) in a common enterprise, (3) with an expectation of profits, and (4) from the efforts of the promoter or a third party.

23. Ling further represented to Licht that his investment principal would not be at risk and that he would receive substantial returns on his investment.

24. In reliance on these representations, Licht initially invested $500,000 in Luxkey. Over the next few months, his investments grew to approximately $2.7 million. The investments were made by depositing cryptocurrency into a Coinbase account that Ling helped him set up. All of these investments were made at Ling's explicit direction using the instructions she provided.

25. In addition to communicating with Ling, Licht communicated with others associated with Luxkey. For instance, a person named Kevin, who described himself out as Luxkey's Manager of Customer Service communicated with Licht.

26. Of particular note, after Licht made his initial investment, Kevin stated that additional investments or "fines" had to be paid. Otherwise, Licht would forfeit his investment and profits. In reliance on these additional representations from Luxkey, Licht invested the additional funds on top of his initial investment. Licht would not have invested in Luxkey if he had known that fines could be imposed or that his investment principal could be lost.

27. All of Licht's investments in Luxkey were ultimately lost. This happened when Ling, Luxkey, or someone associated with them caused these funds to be transferred to other

accounts at crypto exchanges. They then illegally laundered these funds through various accounts in an effort to prevent them from being recovered.

28. A forensic expert retained by Licht has confirmed these various transfers and their connection to the Defendants. This investigation revealed that Licht was the victim of a "pig butchering" scam. This type of scam is typically operated by large, organized groups of scammers in a corporate-like manner, and these groups are usually located in Southeast Asian countries.

29. The forensic firm has traced the scammers to Cambodia. The forensic firm has also traced Licht's stolen funds to specific cryptocurrency wallets maintained at a number of different cryptocurrency platforms.

30. Consequently, it is now apparent that Defendants knowingly misled Licht in order to get him to invest $2.7 million in their scam. They then stole his investment funds. These actions constitute various violations of federal and Texas law, as detailed below.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**
**[15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]**

31. Licht realleges and incorporates all of the foregoing paragraphs of this Complaint as if set forth fully herein.

32. By engaging in the conduct described above, Defendants, directly or indirectly, singly or in concert with others, made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and engaged in a scheme or artifice to defraud in connection with the purchase or sale of securities.

33. Defendants made these untrue and misleading statements, or engaged in these schemes or artifices to defraud, knowingly or with severe recklessness. Licht suffered losses as a result of this fraudulent conduct.

34. For these reasons, Defendants violated Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5(b)].

## SECOND CLAIM FOR RELIEF
### Texas Common Law Fraud

35. Licht realleges and incorporates all of the foregoing paragraphs of this Complaint as if set forth fully herein.

36. By engaging in the conduct described above, Defendants, knowingly or recklessly made materially false representations, intending for Licht to rely on those representation, enticing him into the transaction. Licht relied on these misrepresentations and suffered a loss as a result.

37. For these reasons, Defendants have engaged in Common Law Fraud under Texas law.

## THIRD CLAIM FOR RELIEF
### Texas Conversion

38. Licht realleges and incorporates all of the foregoing paragraphs of this Complaint as if set forth fully herein.

39. By engaging in the conduct described above, Defendants have engaged in the unauthorized and wrongful assumption and exercise of dominion and control over the Licht's property to the exclusion of, or inconsistent with, his rights.

40. For these reasons, Defendants have engaged in Conversion under Texas law.

## FOURTH CLAIM FOR RELIEF
### Texas Theft Liability Act (Tex. Civ. Prac. & Rem. Code § 134.002-005)

41. Licht realleges and incorporates all of the foregoing paragraphs of this Complaint as if set forth fully herein.

42. Licht had a possessory right to his property, namely his cryptocurrency investments. Defendants unlawfully appropriated, secured, or stole his property as defined under Texas Penal Code § 31.03—in particular, by appropriating it without his effective consent. This unlawful taking was made with the intent to deprive Licht of the property, and he suffered damages as a result.

43. For these reasons, Defendants have violated the Texas Theft Liability Act (Tex. Civ. Prac. & Rem. Code § 134.002-005).

## VI. **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Order Defendants to pay Licht all damages available at law or equity, as a result of the violations alleged herein, plus prejudgment and postjudgment interest thereon;

2. Order that the cryptocurrency exchanges holding Licht's stolen funds freeze the wallets containing those funds until further order of the Court;

3. Award reasonable attorney's fees and costs incurred in bringing and pursuing this action, pursuant to the Tex. Civ. Prac. & Rem. Code § 134.005(b);

4. Retain jurisdiction over this action to implement and carry out the terms of all orders and decrees that may be entered; and

5. Order such other relief as this Court may deem just, proper, and equitable.

Dated: May 8, 2023                                Respectfully submitted,

                                                  By:   /s/ Chris Davis
                                                        CHRIS DAVIS
                                                        Texas Bar No. 24050483
                                                        cdavis@grayreed.com
                                                        DONTE L. JONES
                                                        Texas Bar No. 24108782
                                                        djones@grayreed.com

                                                        GRAY REED & MCGRAW, LLP
                                                        1601 Elm Street Suite 4600
                                                        Dallas, Texas 75201
                                                        (214) 954-4135 – Telephone
                                                        (214) 953-1332 – Facsimile

                                                        **ATTORNEYS FOR PLAINTIFF**