**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LEONARD TERRY LICHT,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 3:23-CV-1018-X** |
| | § | |
| **TINA LING and LUXKEY,** | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S EMERGENCY MOTION FOR ALTERNATIVE MEANS OF SERVICE ON DEFENDANTS

Plaintiff Lenny Licht ("Licht") files this Emergency Motion for alternative means of service on Defendants. On May 10, 2023, the Court entered an order freezing the assets of several cryptocurrency exchanges (the "TRO," Doc. 7). On May 23, the Court extended the TRO through June 7. *See* Doc. 12. Today, it declined to further extend the TRO. Doc. 16. Because Licht has been unable to give Defendants notice of the suit, the Court has not set a hearing date for Licht's requested preliminary injunction. *Id.*

As previously noted, Counsel has been working and continues to work diligently with the exchanges on discovery issues. To date, however, no exchange has yet agreed to provide know-your-customer information—which would hopefully allow Licht to provide notice to Defendants.[1] In light of the time-consuming nature of this exercise and the immediate need to obtain a preliminary injunction, Licht asks that the Court allow for service on the Defendants by WhatsApp

---

[1] As previously noted, this is taking time due to the fact that the exchanges in many cases claim to be based internationally (despite having U.S. employees and/or operations), and counsel continues to work through these issues with the exchanges. Some of the exchanges have stated that they will only cooperate and/or provide this information upon receiving a request from law enforcement. Licht is attempting to arrange this, but has been unsuccessful to-date. And even then, it is uncertain whether law enforcement would be willing or able to share information with Licht.

pursuant to FED. R. CIV. P. 4(f)(3) ("Rule 4"). As noted in Plaintiff's initial filing and the related evidentiary appendix, Defendants are foreigners whose activities have been traced to Southeast Asia. In this situation, Rule 4 allows for service "by other means not prohibited by international agreement, as the court orders." Such service must be "reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022). Here, the only such option is via WhatsApp—which is the only known method of communication with Defendants and also a method that has proven effective, as it was that method of communication used to solicit the investments at issue in this case. *See* App. At 1-2 (Licht Declaration).

This method of service is appropriate here. As the Court has already noted: "The cryptocurrency world is notoriously volatile and shrouded in anonymity[.]" Doc. 7 at 5. This leaves Licht with no other choice but to serve notice through his only known means of communicating with Defendants. As detailed above, this method of communication has been repeatedly and successfully used to communicate with Defendants and is thus reasonably calculated, under the circumstances, to provide notice. And while unconventional, this type of service is not unprecedented—as courts have recently allowed service via social media in similar circumstances. *See, e.g. In re Three Arrows Cap., Ltd.*, 647 B.R. 440, 455 (Bankr. S.D.N.Y. 2022) (allowing service on foreign defendants via Twitter in crypto hedge fund bankruptcy).[2] Consequently, the Court should allow for service via WhatsApp.

---

[2] Although her opinion is not yet available in Westlaw, roughly a month ago Chief Judge Cecilia M. Altonaga allowed for service via Twitter on a defendant residing in Georgia in a lawsuit stemming from the FTX collapse. That opinion is available here: https://info.dechert.com/10/17754/uploads/district-court-order.pdf. And during the COVID-related lockdowns, the Indian Supreme Court allowed service using WhatsApp. https://www.nationalheraldindia.com/national/in-a-first-supreme-court-allows-service-of-summons-by-whatsapp-email-fax.

4863-6409-4057.1

Dated: June 7, 2023

Respectfully submitted,

By:/s/ Chris Davis_____
      CHRIS DAVIS
      Texas Bar No. 24050483
      cdavis@grayreed.com
      DONTE L. JONES
      Texas Bar No. 24108782
      djones@grayreed.com

      GRAY REED & MCGRAW, LLP
      1601 Elm Street Suite 4600
      Dallas, Texas 75201
      (214) 954-4135 – Telephone
      (214) 953-1332 – Facsimile

      **ATTORNEYS FOR PLAINTIFF**

4863-6409-4057.1