UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD TERRY LICHT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1018-X |
| | § | |
| TINA LING and LUXKEY, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Plaintiff Leonard Licht's Emergency Motion for Alternative Means of Service. [Doc. 17]. Licht requests permission to serve the defendants via the social media messaging app WhatsApp. Having carefully considered Licht's arguments, and in light of the extraordinary and extenuating circumstances of this case, the Court **GRANTS** the motion.

The Court has summarized the facts of this case, as gleaned from Licht's complaint and supporting affidavit, in a previous order.[1]

On May 10, 2023, the Court granted Licht's request for a fourteen-day *ex parte* temporary restraining order (the "TRO"). Fourteen days later, the Court granted Licht's request to extend the TRO for fourteen additional days pursuant to Federal Rule of Civil Procedure 65 and Licht's showing of good cause for the extension. On June 7, 2023—twenty-eight days after the Court issued the TRO—the Court denied

---

[1] Doc. 7 at 1–3.

Licht's request for a second fourteen-day extension, which Rule 65(b)(2) does not permit, and the TRO expired.

Licht's motion for a preliminary injunction is still pending. The Court stated that, per Rule 65(b)(3), it will set a preliminary-injunction hearing "at the earliest possible time," which will not be possible until the parties have appeared.[2] And the defendants cannot appear until Licht is able to serve them.

Additionally, Licht has alleged that his life savings is at stake and that he cannot serve the defendants through traditional, tried-and-true methods. He has been engaged in negotiations with the cryptocurrency exchanges to obtain their customer information, but that approach has so far been unsuccessful. All told, Licht is financially exposed due to the TRO's expiration, Licht may lose his life savings, the Court faces a time-sensitive need to set a preliminary-injunction hearing, and service by traditional methods is uniquely challenging due to the parties' relationship and the exceptional nature of this case.

Under Federal Rule of Civil Procedure 4(f)(3), a party may serve foreign defendants using "means not prohibited by international agreement, as the court orders."[3] No international agreement between the United States and Cambodia (where Licht alleges the defendants are located) prohibits service via WhatsApp, and the defendants have not objected to service by this method. "Service on a foreign

---

[2] Doc. 16 at 2 (cleaned up).

[3] Rule 4(f)(3) does not require a party to exhaust all other measures before serving by alternative means; it is "neither a 'last resort' nor 'extraordinary relief.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (cleaned up).

defendant" must be "reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections."[4] Licht's suggestion—WhatsApp—is reasonably calculated because, as Licht alleges, it "is the only known method of communication with [the d]efendants" and "has proven effective" for communication in the past.[5] Courts most commonly permit service via social media for foreign defendants,[6] and other district courts in the Fifth Circuit have recently done so when service via social media complies with Rule 4, is reasonably calculated to notify the defendants, and provides due process by exhibiting a reasonable probability of actually effecting notice.[7] These concerns are satisfied here.

Given the extraordinary circumstances of this case and Licht's showing that service via WhatsApp is reasonably calculated to effect fair notice on the defendants, the Court **GRANTS** the motion. Licht may serve the defendants via WhatsApp.

**IT IS SO ORDERED** this 8th day of June, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022).

[5] Doc. 17 at 2.

[6] *See, e.g.*, *In re Three Arrows Capital, Ltd.*, 647 B.R. 440, 455–56 (Bankr. S.D.N.Y. Dec. 29, 2022); *id.* at 457 & n.11 (noting that "in the vast majority of Rule 4 cases where service is permitted via email or social media, the service is made outside the United States, on foreign persons or entities" and collecting cases demonstrating this trend).

[7] *See, e.g.*, *DIRECTV, LLC v. WNK Assocs., Inc.*, No. 6:22-cv-0423-JDK, 2023 WL 2025039, at *1–4 (E.D. Tex. Feb. 15, 2023); *Cothran v. Koomson*, No. 4:20-cv-0481-SDJ-CAN, 2021 WL 9095766, at *3 (E.D. Tex. Oct. 6, 2021) (noting that "[a]lternative service must comport with constitutional notions of due process," which, in Texas, means that the method must "compl[y] with the Texas long-arm statute," and noting that service "by social media" is recognized under the Texas Rules of Civil Procedure and is thus valid under state law (cleaned up)).